Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

SEALED BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 12 2007

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

U.S.A. vs. SEAN T. NAKAMIYO                    Docket No. CR 03-00080SOM-02

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FITUINA F. TUA, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of SEAN T. NAKAMIYO who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 24th day of November 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant is prohibited from the possession and use of alcohol.

5. That the defendant is prohibited from entering the Arizona Memorial or its parking lot without prior approval of the Probation Office.

6. That the defendant serve 6 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

7. That restitution of $31.75 is due immediately to Hertz Rent a Car, to be paid jointly and severally with codefendant Gavin Takaesu, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his

monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Modification: On 11/29/05, the Court modified the following conditions of supervised release:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition No. 1:** That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1.  That a urine specimen submitted by the offender on 7/19/05 as part of his substance abuse treatment regimen tested positive for methamphetamine, in violation of Standard Condition No. 7 and Special Condition No. 1.

2.  That a urine specimen submitted by the offender on 8/10/07 tested positive for methamphetamine, in violation of the General Condition.

3.  That on 3/30/07, the offender admitted using methamphetamine on or about 3/28/07; that on 8/9/07 and 8/10/07, the offender admitted using methamphetamine on or about 8/8/07; and that on 10/3/07, the offender admitted using methamphetamine on or about 10/1/07, all in violation of Standard Condition No. 7 and the General Condition.

4.  That on 7/23/07, 7/29/07, 8/8/07, 9/12/07 and 9/17/07, the offender refused to comply with drug testing as part of his substance abuse treatment regimen, in violation of Special Condition No. 1.

5.  That on 9/13/07, the offender failed to attend substance abuse counseling as part of his treatment regimen, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    10/10/07

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 10th day of October, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **NAKAMIYO, Sean T.
Criminal No. CR 03-00080SOM-02
REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Count 1: Conspiracy to Unlawfully Enter a Motor Vehicle With Intent to Commit a Crime and Destroy Property, in violation of 18 U.S.C. §§ 13 and 371, a Class D felony; Count 2: Unlawfully Entering a Motor Vehicle With Intent to Commit a Crime, in violation of Hawaii Revised Statutes § 708-836.5 and 18 U.S.C. §§ 13 and 2, a Class D felony; and Count 3: Destroying Personal Property, in violation of 18 U.S.C. §§ 13, 1363, and 2, a Class D felony. On 11/23/03, he was sentenced to six (6) months imprisonment as to Counts 1-3, such terms to run concurrently with each other and his state sentence in Criminal No. 01-1-2496. The Court further ordered a 3-year term of supervised release as to Counts 1-3, such terms to run concurrently, with special conditions noted on the facesheet of the petition.

Supervised release began on 10/21/2004. The offender has served approximately 35 of 36 months of supervised release. Supervised release is scheduled to expire on 10/20/07. Although the offender has demonstrated periods of compliance, the violations are indicative of his struggle with maintaining his sobriety. In this regard, the offender experienced his initial drug relapse in July 2005 when he used methamphetamine. In response to this violation, the Court modified the mandatory drug testing condition (General Condition) and Special Condition No. 1 as reflected on the facesheet of the petition. The offender continued his participation in substance abuse treatment and drug testing until December 2005, at which time he completed his treatment requirements.

In March 2007, the offender fell into noncompliance when he relapsed admitting to having used methamphetamine. The offender re-enrolled in treatment; however, the offender struggled and continued to relapse. He also refused to comply with drug testing and to attend his drug treatment. The violations are as follows:

**Violation No. 1 - That a Urine Specimen Submitted by the Offender on 7/19/05 as Part of His Substance Abuse Treatment Regimen Tested Positive for Methamphetamine:** On 7/19/05, Mr. Nakamiyo submitted a urine specimen at the Drug Addiction Services of Hawaii, Inc. (DASH), as part of his substance abuse treatment regimen, and the specimen was later confirmed positive for methamphetamine on 7/26/05. On 7/28/05, Mr. Nakamiyo admitted using the substance on or about 7/17/05. He stated that a cousin and acquaintance offered him methamphetamine. When offered the substance, he claimed to have taken only a "couple of hits" from a glass pipe. He claimed that his actions were impulsive and not planned and realized later that he made a wrong decision. On 7/19/05, he went to DASH and submitted a urine specimen knowing that it would be positive for methamphetamine.

Re:   **NAKAMIYO, Sean T.**
      **Criminal No. CR 03-00080SOM-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

**Violation No. 2 - That a Urine Specimen Submitted by the Offender on 8/10/07 Tested Positive for Methamphetamine:** On 8/10/07, the offender submitted a urine specimen at the Probation Office. The specimen was confirmed positive for methamphetamine. Prior to the submission of the urine specimen, and on 8/8/07, the offender failed to submit to drug testing at Freedom Recovery Services, Inc. (FRS). On 8/9/07, we conducted an employment check at Marblehaus, the offender's reported employment. During the employment check, the offender admitted that he failed to submit to drug testing on 8/8/07 and that he used methamphetamine on or about 8/8/07.

**Violation No. 3 - That on 3/30/07, the Offender Admitted Using Methamphetamine on or About 3/28/07; That on 8/9/07 and 8/10/07, the Offender Admitted Using Methamphetamine on or About 8/8/07; and That on 10/3/07, the Offender Admitted Using Methamphetamine on or About 10/1/07:** On 3/30/07, the offender reported to the Probation Office and admitted that he had used methamphetamine on or about 3/28/07. The offender admitted to have used "ice" for the past 2 months, once a week. The offender reported spending $20 to $40 for the "ice" that he purchased from a friend. The offender indicated that he bought "ice" after receiving his pay check and when he was under stress. At that time, the offender reported that he was under tremendous stress since the death of his father and the imprisonment of his older brother for drugs.

As a result of the offender's drug relapse, the offender was referred to FRS for substance abuse treatment and drug testing. As indicated in Violation No. 2, on 8/10/07, the offender admitted that on or about 8/8/07, he used methamphetamine. The offender was in treatment at FRS when he relapsed on or about 8/8/07. As a result of his relapse, FRS increased his counseling as the offender appeared amenable for treatment. On 10/3/07, the offender was questioned regarding his failure to submit for drug testing in September 2007 (Violation No. 4), and the offender admitted that he changed his residence and had forgot to call FRS for his drug test. The offender also admitted using methamphetamine on or about 10/1/07.

**Violation No. 4 - That on 7/23/07, 7/29/07, 8/8/07, 9/12/07, and 9/17/07, the Offender Refused to Comply With Drug Testing as Part of his Substance Abuse Treatment Regimen:** During a telephonic conversation with the offender on 7/30/07, the offender admitted that he failed to submit to drug testing on 7/29/07. During telephonic conversations on 8/9/07 and 8/10/07, the offender admitted to missed drug tests because he failed to call the drug testing recorder as he is required to do so to receive drug testing instructions. Attempts made to contact the offender regarding the missed drug tests on 9/12/07 and 9/17/07 were unsuccessful because the last known

Re:  **NAKAMIYO, Sean T.**
**Criminal No. CR 03-00080SOM-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

personal telephone numbers were either changed and/or disconnected. However, on 10/3/07, the offender was interviewed at his employment and the offender admitted that he failed to call FRS for his drug tests of 9/12/07 and 9/17/07 because he was busy moving from his residence during that period. The offender also admitted relapsing and using methamphetamine (Violation No. 3).

**Violation No 5 - That on 9/13/07, the Offender Failed to Attend Substance Abuse Counseling as Part of His Treatment Regimen:** On 9/14/07, FRS staff notified that the offender failed to attend substance abuse counseling on 9/13/07. The offender was not questioned as to this violation because the last known personal telephone numbers were either changed and/or disconnected. On 10/3/07, the offender admitted that he failed to attend his counseling session because he was in the process of moving from his residence.

We request that a No Bail warrant be issued based on Mr. Nakamiyo's repeated failure to comply with our instructions not to use illicit drugs, submit to drug testing, and attend his counseling sessions.

Respectfully submitted by,

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FFT/pts

Re:   **NAKAMIYO, Sean T.
Criminal No. CR 03-00080SOM-02
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00, D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:      Sean T. Nakamiyo                                    Docket No.  CR 03-00080SOM-02
Address:

     Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement.

     While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

     If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

     The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(2) That the defendant is prohibited from possessing any illegal or dangerous weapons.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   10-25-04
          SEAN T. NAKAMIYO                  Date
              Defendant

          _____   10/25/04
          FITUINA F. TUA                    Date
          Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   NAKAMIYO, Sean T.
      Docket No. CR 03-00080SOM-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)  That the defendant provide the Probation Office access to any requested financial information.

(4)  That the defendant is prohibited from the possession and use of alcohol.

(5)  That the defendant is prohibited from entering the Arizona Memorial or its parking lot without prior approval of the Probation Office.

(6)  That the defendant serve 5 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

(7)  That restitution of $31.75 is due immediately to Hertz Rent a Car, to be paid jointly and severally with codefendant Gavin Takaesu, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    10-25-04
          SEAN T. NAKAMIYO                    Date
          Defendant

          _____    10/25/04
          FITUINA F. TUA                      Date
          Senior U.S. Probation Officer

PROB. 12B
(7/93)

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

'05 NOV 29 P 3:21

# United States District Court

for the

## DISTRICT OF HAWAII

29 2005

at 3 o'clock and __ min __ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: SEAN T. NAKAMIYO    Case Number: CR 03-00080SOM-02

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 11/24/03

Original Offense:   <u>Count 1</u>: Conspiracy to Unlawfully Enter a Motor Vehicle With Intent to Commit a Crime and Destroy Property, in violation of 18 U.S.C. §§ 13 and 371, a Class D felony

<u>Count 2</u>: Unlawfully Entering a Motor Vehicle With Intent to Commit a Crime, in violation of Hawaii Revised Statutes § 708-836.5 and 18 U.S.C. §§ 13 and 2, a Class D felony

<u>Count 3</u>: Destroying Personal Property, in violation of 18 U.S.C. §§ 13, 1363, and 2, a Class D felony

Original Sentence:   Six (6) months imprisonment as to Counts 1-3, such terms to run concurrently with each other and his state sentence in Criminal No. 01-1-2496. The Court further ordered a 3-year term of supervised release as to Counts 1-3, such terms to run concurrently. Special conditions of supervised release include the following: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant is prohibited from the possession and use of alcohol; 5) That the defendant is prohibited from entering the Arizona Memorial or its parking lot without prior approval of the Probation Office; 6) That the defendant serve 6 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation

Prob 12B
(7/93)

2

Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office; 7) That restitution of $31.75 is due immediately to Hertz Rent a Car, to be paid jointly and severally with codefendant Gavin Takaesu, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Type of Supervision: Supervised Release    Date Supervision Commenced: 10/21/04

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition No. 1:**    That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| General Condition | Urine specimen collected from Mr. Nakamiyo on 7/19/2005 at the Drug Addiction Services of Hawaii, Inc. (DASH), tested positive for methamphetamine. |

Prob 12B
(7/93)

3

    It should be noted that on 8/30/2005, we submitted a violation report to the Court noting that a urine specimen collected from the offender on 7/19/05 tested positive for methamphetamine. At the time of his drug relapse, the offender was submitting to random drug testing as part of his treatment modality. As a result of his drug relapse, the offender agreed to return to DASH for further treatment and an increased level of drug testing. Further, a written letter of reprimand was issued to the offender instructing him not to have any contact with individuals whom use illicit drugs.

    At the same time, we have also determined that as a result of the <u>U.S. vs. Stephens</u> ruling, it is necessary to modify the General Condition for mandatory drug testing to include the collection of no more than eight valid drug tests per month and up to one valid drug test per month when there is a positive drug test. The modification is necessary so that the Probation Office could continue to conduct random drug testing following the offender's completion of substance abuse treatment. Random drug testing is necessary given the offender's history of methamphetamine use and to identify a drug relapse and determine the appropriateness for treatment.

    We are also requesting modification of the special condition that requires the offender to participate and comply with substance abuse treatment which includes drug and alcohol testing. This modification reinforces our position that drug testing is a component of substance abuse treatment. The proposed modifications are necessary to monitor these risk factors and to provide the necessary correctional treatment when treatment is appropriate.

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DEMELLO, JR.
Supervising U.S. Probation Officer

Date: 11/23/2005

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

11/28/05
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[x]    To modify the conditions of supervision as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition No. 1:**    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _____    Signed: _____
FITUINA F. TUA                                    SEAN T. NAKAMIYO
Senior U.S. Probation Officer                Supervised Releasee

11/22/05
Date